**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RESIDUAL INCOME OPPORTUNITIES, INC., a California corporation,

Plaintiff,

v.

RWN, INC., a Missouri corporation, FKA Bankcard Central, Inc.; BANKCARD CENTRAL LLC,

Defendants-counter-defendants-Appellants,

v.

RORY JUSTIN CYPERS,

Third-party-defendant-counter-claimant-Appellee.

No.    17-55627

D.C. No.
2:15-cv-07359-SVW-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 16, 2018**
Pasadena, California

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1

Before: GOULD, PARKER,*** and MURGUIA, Circuit Judges.

This case arises out of a contract dispute between RWN, Inc., a provider of credit card processing services, and Rory Justin Cypers. In 2004, Cypers and RWN entered into a Marketing Partner Agreement ("MPA"), under which Cypers would refer merchants to RWN. The MPA entitled Cypers to receive a portion of the gross profits RWN received from processing merchant credit card transactions ("Residuals"). In 2005, Cypers referred Flavorus, Inc., dba Groove Tickets ("Groove") to RWN. Pursuant to their arrangement, RWN placed a portion of the Residuals owed to Cypers in an account to reserve against back payments (the "Reserve"). RWN processed payments for Groove and received revenue through February 2016.

On appeal, RWN challenges the District Court's grants of summary judgment to Cypers on (1) Cypers's breach of contract claims with respect to the Reserve and the Residuals and (2) Appellants' affirmative defense of offset. We review the grant of summary judgment *de novo*.

Cypers was entitled to summary judgment on the Reserve. RWN has pointed to no evidence creating a genuine dispute of material fact as to its liability

---

*** The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

to Cypers on this point or as to Cypers's standing to bring the claim. Significantly, RWN's CEO admitted in deposition testimony that it owed Cypers the Reserve.

Cypers was also entitled to summary judgment on the Residuals. The MPA, at Paragraph 4.2, controls Cypers's compensation while the MPA is in effect. It provides that Cypers will be compensated where he was the source of a merchant which processes payments through RWN. Further, RWN admits that Cypers was the source of the Groove account. While RWN now claims that, from May 2015 through February 2016, the Groove account was a new account for which Cypers was not entitled to payments, RWN points to no evidence suggesting this is the case.

Appellants claim that they are entitled to an offset against any amount awarded to Cypers because he owes them $14,000, as evidenced by a 2005 promissory note from Cypers in favor of RWN. Cypers argues that a 2007 promissory note marked "paid in full" shows that all debts that Cypers owed to RWN have been paid. Cypers also introduced a spreadsheet detailing amounts owed by Cypers to RWN to show that the amount paid pursuant to the 2007 note included the 2005 note.

Given Cypers's presentation of the spreadsheet and 2007 note, in conjunction with RWN's lack of explanation for their existence, the District Court correctly determined that RWN's evidence was insufficient to establish a triable

3

issue of fact. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 589 (9th Cir. 2018). The judgment of the District Court is **AFFIRMED**.